**Richard EGGLESTON; et al.,
Plaintiffs—Appellants,**

v.

**Daniel KLEMP; et al., Defendants—
Appellees.**

No. 07–35654.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2008.

Filed Sept. 30, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Michael B. Hague, Esquire, Paine Hamblen Coffin Brooke & Miller, Coeur D'Alene, ID, Richard W. Kuhling, Paine Hamblen LLP, Spokane, WA, for Plaintiffs–Appellants.

Jonathan Hally, Esquire, Clark & Feeney, Lewiston, ID, for Defendants–Appellees.

Before: WALLACE, TROTT, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Richard Eggleston, M.D., Mark Eggleston, M.D., and Eye Care Specialists appeal both the district court's grant of summary judgment and motion to strike. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

■ The district court properly granted summary judgment, because there is no genuine issue of material fact as to the publication of the alleged defamatory statements. *United States v. Alameda Gateway, Ltd.*, 213 F.3d 1161, 1164 (9th Cir.2000) (describing standard of review). Publications made to agents of the complaining party will not support an action for defamation when the complaining party or his agents induced the publication. Restatement (Second) of Torts § 577 (1977); *see also Mims v. Metropolitan Life Ins. Co.*, 200 F.2d 800, 802 (5th Cir.1952). Additionally, the "good faith" exception was not properly raised in the district court, and does not fall within any of the exceptions allowing it to be raised for the first time on appeal, therefore, it cannot be considered on appeal. *See Rothman v. Hospital Service of Southern California*, 510 F.2d 956, 960 (9th Cir.1975); *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir.1985) (citations omitted) (stating the exceptions). Moreover, even if the "good faith" exception were properly raised, the Egglestons' conduct does not meet the necessary elements of Restatement (Second) of Torts § 584. We also affirm the district court's decision that the circumstantial evidence is

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

insufficient to allow a reasonable fact finder to draw an inference of publication.

█ The district court did not abuse its discretion by granting the motion to strike statements made by the unnamed patient. *See Hambleton Bros. Lumber Co. v. Balkin Enterprises Inc.*, 397 F.3d 1217, 1224 n. 4 (9th Cir.2005) (standard of review on motions to strike); *see also* Fed.R.Evid. 802. It certainly is not an abuse of discretion for a court to hold that an unnamed declarant's statement to the spouse of a party, recounted in that party's deposition, constitutes hearsay. Nor is it an abuse of discretion for a court to hold that the out-of-court statements made by the unnamed patient do not fall within the exceptions enumerated within Federal Rule of Evidence 803.

**AFFIRMED.**